IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr161-MHT |
| **HENRY L. TAYLOR** | ) | (WO) |

## ORDER

For the reasons stated in <u>United States v. Ambert</u>, 561 F.3d 1202 (11th Cir. 2009), and <u>United States v. Harris</u>, 2009 WL 1549288 (M.D. Ala. May 29, 2008) (Fuller, J.), it is ORDERED that the defendant Henry L. Taylor's motion to dismiss the indictment (Doc. No. 27) is denied.

The court adds one comment: The indictment in this case clarifies that Taylor was in Alabama for approximately nine months without registering as a sex offender.  Taylor admits that he had previously signed a document, pursuant to California law, which clarified that he must register within ten business days of moving to a new state.  Mot. Dismiss Indictment (Doc. No. 27) at

48 n.206.  The Sex Offender Registration Notification Act (SORNA), however, requires notification within three business days of changing residences.  42 U.S.C. § 16913(c).  If it were the case that Taylor had notified the authorities, for example, six days after arriving in Alabama, thereby complying with his known obligation under California law but failing in his unknown obligation under SORNA, due-process concerns might be implicated.  But, as these facts are not present in this case, the court will not explore the issue further.

DONE, this the 14th day of July, 2009.

                          /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE